Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1819 | **DATE** | 10/2/2002 |
| **CASE TITLE** | GERALDO MENDEZ, et al vs. PIZZA HUT OF AMERICA, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants in part and denies in part defendant's motion to dismiss [10-1]. The motion is granted as to Counts II and III and denied as to Count I. Defendant shall answer the First Amended Complaint within ten days of the date of this Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | AYR— docketing deputy initials | 15 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALDO MENDEZ AND NORMA MENDEZ, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PIZZA HUT OF AMERICA, INC, a Delaware ) <br> corporation, ) <br> ) <br> Defendant. ) | 02 C 1819 <br><br> Judge Ronald A. Guzmán |

DOCKETED
OCT 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs Geraldo and Norma Mendez have sued Pizza Hut of America, Inc. for racially discriminatory practices. Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") (12)(b)(6). Plaintiffs assert three claims in their Amended Complaint: (1) defendant deprived them of full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation because of their race in violation of 42 U.S.C. § 2000a *et seq.* ("Title II"); (2) defendant deprived them of a right to make and enforce contracts in violation of 42 U.S.C. § 1981 ("section 1981"); and (3) defendant denied and refused them the full and equal enjoyment of their facilities and services thereby violating 775 ILL. COMP. STAT. 5/5-102. For the reasons set forth in this Memorandum Opinion and Order, defendant's motion to dismiss is granted in part and denied in part.

## FACTS

On February 14, 2002 at 8:25 p.m., plaintiffs Geraldo and Norma Mendez, as well as their three children, entered defendant's Pizza Hut restaurant. (Am. Comp. ¶ 8.) Inside the

restaurant a sign was posted instructing patrons to "Wait to be seated." (*Id.* ¶ 9.) There was no sign posted that the dining room of the restaurant was closed. (*Id.* ¶ 10.) A waitress approached plaintiffs and asked if they wanted to dine in or carry out. (*Id.* ¶ 11.) Plaintiffs indicated they wanted to dine in. (*Id.*) The waitress said that she would clear a table for them and walked away. (*Id.*) There were approximately eighteen other patrons in the restaurant seated at approximately eight tables. (*Id.* ¶ 13.) All of the patrons seated in the restaurant were African American. (*Id.*) After approximately fifteen minutes, an African American woman who identified herself as Rachel Jackson, a Pizza Hut Manager, told plaintiffs that they were no longer seating people but only taking carry out orders. (*Id.* ¶ 13-14.) It being Valentine's Day, plaintiffs wanted to dine in, so they exited the restaurant. (*Id.* ¶ 14.) Plaintiff Geraldo Mendez re-entered the restaurant after reading the sign posted on the door to the restaurant that indicated the restaurant was open until 10 p.m. (*Id.* ¶ 17.) Upon re-entering the restaurant, Mr. Mendez complained to Ms. Jackson about not being seated when the sign on the restaurant door indicated that the restaurant was open until 10 p.m. (*Id.* ¶ 18.) When Mr. Mendez told Ms. Jackson that he was going to "phone in" a complaint of race discrimination to the Pizza Hut complaint number, Ms. Jackson offered to seat the family. (*Id.* ¶ 19.) Mr. Mendez declined Ms. Jackson's offer. (*Id.* ¶ 20.)

## DISCUSSION

In ruling on a motion to dismiss, a court must presume all of the well-pleaded allegations of the complaint to be true. *Mariee v. DeKalb County*, 433 U.S. 25, 27 (1977). A court must review those allegations in the light most favorable to the plaintiff. *Vaden v. Village of Maywood*, 809 F.2d 361, 363 (7th Cir. 1987). Dismissal under Rule (12)(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). A motion to dismiss does not test whether the plaintiff will prevail on the merits, "but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## A.  Count I: Title II

Plaintiffs allege that defendant deprived them of the full and equal enjoyment of their restaurant because of their race thereby violating Title II. Under Title II, "all persons shall be entitled to the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, without discrimination or segregation on the ground of race, color, religion, or natural origin." 42 U.S.C. § 2000a(a) (West 1981).

Defendant argues that plaintiffs have failed to state a claim upon which relief may be granted because they do not allege any particularized facts of race discrimination under Title II. The Court disagrees. "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley,* 355 U.S. at 47. Rule 8(a)(2) provides that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.*

Clearly, plaintiffs have made a short and plain statement alleging a violation of Title II. Plaintiffs allege that they were refused service at defendant's restaurant when other non-Hispanics were allowed to enjoy the services at the restaurant on different terms. (Am. Comp. ¶¶ 14, 23.) Plaintiffs allege that the reason why they were not seated was because they were Hispanic. (*Id.* ¶23.) Plaintiffs allege they have suffered damages and personal injury, including, but not limited to, humiliation, embarrassment, loss of personal dignity, and self worth as a direct and proximate result. (*Id.* ¶ 35.) Such statements give the defendant fair notice of what the

plaintiffs' claim is and the grounds upon which it rests. Thus, defendant's motion to dismiss Count I is denied.

**B.     Count II: Section 1981**

Plaintiffs allege that defendant deprived them of the right to make and enforce contracts thereby violating section 1981. Under section 1981, "all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts as enjoyed by white citizens." 42 U.S.C. § 1981 (West 1982). "The term 'make and enforce contracts' under this section, includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). The aim of this statute was to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace. *Patterson v. McClean Credit Union*, 491 U.S. 164, 170 (1989).

In the Seventh Circuit, to establish a section 1981 claim, "the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, in this case, the making and enforcing of a contract." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (7th Cir. 1997); *see Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Defendant argues that plaintiffs have pleaded themselves out of court. The Court agrees. It is well settled that a plaintiff cannot maintain a section 1981 claim when the plaintiff was the party responsible for terminating the transaction. *Bagley v. Ameritech Corp.*, 220 F.3d 518, 521 (7th Cir. 2000). This is true even if the plaintiff left the establishment because of what they perceived to be racial animus. *Id.* at 521. A section 1981 claim "must allege that the plaintiff was actually prevented, and not merely deterred, from making a purchase or receiving service

after attempting to do so." *Henderson v. Jewel Food Stores Inc.*, No. 96 C 2666, 1996 WL 617165, at *3 (N.D. Ill. Oct. 23, 1996).

In *Bagley v. Ameritech,* where an assistant manager of a retail store told the plaintiff that she would not serve him and plaintiff left only to return later at which time defendant offered to help plaintiff make a purchase and plaintiff refused, the United States Court of Appeals for the Seventh Circuit held that the defendant was not responsible for terminating the transaction and that defendant's offer to help plaintiff make a purchase upon his return later that day definitely established that the defendant would have sold plaintiff a phone. 220 F.3d at 522.

As in *Bagley*, in the instant case, plaintiffs were told they would not be served. Plaintiffs then left the restaurant. Plaintiffs re-entered the restaurant. Plaintiffs were offered service. Plaintiffs refused such service. Consequently, the plaintiffs, not the defendant, were responsible for terminating the transaction and defendant's offer to serve the plaintiffs made upon their later return established that the defendant would have seated and served them. Plaintiffs cannot maintain a race discrimination claim when they were the party that opted not to enter the contract. Accordingly, defendant's motion to dismiss Count II is granted.

C.     **Count III: Illinois Human Rights Act**

Plaintiffs allege that defendant deprived them of the full and equal enjoyment of their restaurant because of their race in violation of the Illinois Human Rights Act ("IHRA"). The IHRA states that it is a civil rights violation for any person on the basis of unlawful discrimination to deny or refuse to another the full and equal enjoyment of the facilities and services of any public place of accommodation. 775 ILL. COMP. STAT. 5/5-102 (2001). A place of public accommodation includes restaurants. *Id.* 5/5-101.

The IHRA was enacted to create a state cause of action for various civil rights violations

amounting to discrimination based on, among other things, race. *Id.* 5/1-102(A). The IHRA has an exclusivity or preemption provision which provides: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." *Id.* 5/8-111(C). Based on that provision, the Illinois Human Rights Commission ("IHRC") is vested with *exclusive* jurisdiction over claims which fall under the IHRA. *Daulo v. Commonwealth Edison*, 938 F. Supp. 1388, 1404 (N.D. Ill. 1996); *see also Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 729 (N.D. Ill. 1993). Thus, courts have no jurisdiction to hear actions for alleged human rights violations until administrative remedies are exhausted before the IHRC and the IHRC has issued a final order. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994); *see also Jablonski v. Chas. Levy Circulating Co.*, 888 F. Supp. 84, 86 (N.D. Ill. 1995); *Allen v. City of Chicago*, 828 F. Supp. 543, 559 (N.D. Ill. 1993). A plaintiff must allege that he or she exhausted administrative remedies to state a cause of action. *Radaszewski v. Metro. Water Reclamation Dist.*, No. 96 C 8320, 1998 WL 386358, at *2 (N.D. Ill. July 6, 1998).

In *Jablonski v. Chas. Levy Circulating Co.*, the court held that because a plaintiff failed to allege that she exhausted her administrative remedies, she could not maintain her claim in federal court and her claim was thereby dismissed. 888 F. Supp. at 86. The same is true in this instance. Plaintiffs have not alleged that they exhausted all of their administrative remedies in the Amended Complaint. Therefore, defendant's motion to dismiss Count III is granted.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendant's motion to dismiss [doc. no. 10-1]. The motion is granted as to Counts II and III and denied as to Count I. Defendant shall answer the First Amended Complaint within ten days of the date of this Memorandum Opinion and Order.

**SO ORDERED.**  ENTERED: 10/2/02

**HONORABLE RONALD A. GUZMAN**
**United States Judge**